## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MOSYSTEMS, INC., and<br>DANIEL MOSER,<br>    Plaintiffs, | )<br>)<br>)<br>) |
| v. | )    **CIVIL ACTION NO.** |
|  | )    **04CV10312PBS** |
| DARWIN PARTNERS, INC.,<br>    Defendant. | )<br>)<br>) |

## MEMORANDUM IN SUPPORT OF
## DARWIN PARTNERS INC.'S MOTION TO DISMISS

Defendant Darwin Partners, Inc. ("Darwin") submits this memorandum of law in support

of its motion to dismiss all counts of the Complaint of Mosystems, Inc. ("Mosystems") and

Daniel Moser ("Moser") (collectively "Plaintiffs") for failure to state a claim upon which relief

can be granted.

### INTRODUCTION

The Plaintiffs have brought a two-count Complaint for breach of contract arising out of

the termination of an independent contractor agreement between Darwin and Mosystems.

Mosystems claims that Darwin's termination was a breach of the contract. Under the contract,

Mosystems was to perform services for one of Darwin's clients, BP America, for a six month

period. BP America cancelled the job before it ever started, and Darwin terminated the contract

with Mosystems pursuant to the contract's termination clause. The termination clause expressly

provides that the contract will terminate either at the end of the job **or** at any time upon notice

from the client that it no longer desires the services of the contractor, regardless of the reason.

Mosystems cannot establish breach of the contract because the contract gave Darwin the right to

terminate upon notice from BP America. Mosystems also cannot demonstrate damages.

Because the contract was terminable at will, he has no claim for damages for the term of the contract as a matter of law. Furthermore, under the contract, Mosystems was only entitled to payment after Darwin received payment from BP America for Mosystems's services; since Mosystems performed no services for BP America, Darwin never received any revenue from BP America for the job.

Moser also claims breach of contract. He asserts that he is a third party beneficiary of Mosystems's contract with Darwin. The contract does not support his assertion. Accordingly, Moser has no standing to assert a breach of contract claim against Darwin. Even if Moser has standing, he has still failed to state a claim for breach. As pled, Moser's claim depends on Mosystems's right to recover for breach; since Mosystems has not stated a claim, neither has Moser. Moser's theory of damages is similarly flawed. Moser claims he resigned his job in reliance upon the contract's promise of engagement for a definite term and seeks reliance damages for breach of the contract. Given the plain language in the contract providing for termination at any time, Moser has no basis to claim reliance.

For all these reasons, Darwin requests that this Court dismiss the Complaint with prejudice for failure to state a claim.

## BACKGROUND

### 1.    Summary of the Allegations of the Complaint

The allegations of the First Amended Complaint, assumed as true for purposes of this motion alone, are straightforward. Mosystems alleges that it entered into a contract with Darwin whereby Darwin, an information technology consulting company, agreed to engage Mosystems as an independent contractor to perform services as an Interface Developer for BP America, a client of Darwin, from the period January 28, 2002 through August 2, 2002. (Id. ¶¶ 5, 7-10.)

Mosystems alleges that the contract consists of two documents.[1] (Id. ¶¶ 9, 24.) The first document, captioned the Independent Contractor Agreement (the "ICA") and dated January 9, 2002, is attached as Exhibit 1 to the Complaint. (Id. ¶ 7.) The second document, captioned Purchase Order (the "Purchase Order") and dated January 14, 2002,[2] is attached as Exhibit 2 to the Complaint. (Id. ¶ 8.) According to the Complaint, the ICA and the Purchase Order are integrated documents that constitute a valid and enforceable contract (hereinafter the "Contract"). (Id. ¶ 24.)

Moser alleges that he entered into a contract with Darwin whereby he warranted that he was not restricted by any employment from providing the services called for by the agreement between Darwin and Mosystems. (Id. ¶¶ 11.) The Moser-Darwin contract, captioned Employee Consent (the "Employee Consent") and dated January 14, 2002, is attached as Exhibit 3 to the Complaint. (Id.) Moser also asserts that he is an intended beneficiary of the Contract between Darwin and Mosystems. (Id. ¶¶ 27-30.)

Moser contends that sometime after the execution of the ICA, the Purchase Order and the Employee Consent, that is on or after January 14, 2002, and in reliance upon those documents, Moser resigned his employment with Options Software, a Canadian company. (Id. ¶¶ 12, 13.)

On January 17, 2002, Darwin notified the Plaintiffs that the start date for the job was being pushed back from January 28, 2002 to February 4, 2002. (Id. ¶ 16.). Two additional notifications that the start date was being pushed back followed in the next several weeks. (Id. ¶ ¶ 17-18). On February 13, 2002, Darwin notified the Plaintiffs that the job might not start at all. (Id. ¶ 19.) Soon after, on or about February 19, 2002, Darwin notified the Plaintiffs that Darwin was canceling the ICA and the Purchase Order. (Id. ¶ 21.) The Complaint implicitly

---

[1] The relevant provisions of the contract are described and discussed in the Argument section below.

[2] In paragraph 8 of the complaint, Mosystems states that the Purchase Order was executed on January 9. This appears to be a drafting error, as the Purchase Order itself is dated January 14, 2002.

acknowledges that BP America cancelled the job anticipated by the contract. The Plaintiffs make no assertion that BP America in fact went forward with the job or otherwise engaged Darwin for the job. (Cplt. *passim*.) Similarly, there is no assertion that Darwin received any revenue from BP America for the anticipated job. (Id.)

Under Count I, Mosystems alleges that Darwin's termination of the Contract was a breach of the agreement, and it seeks to recover actual damages. (Id. ¶ ¶ 23-25.) Under Count II, Moser alleges breach of the Contract and breach of the Employee Consent and seeks to recover reliance damages for the loss of income resulting from his resignation from Options Software. (Id. ¶ ¶ 26-30.)

> **2.     Additional facts concerning the cancellation of the job by BP America.**

After BP America delayed the start dates of the job, BP America informed Darwin that the job was unlikely to go forward at all because the project on which Mosystems would be working was being scaled back, and that due to the need to cut costs, BP America was looking to have the work performed internally. (Affidavit of David Fortier ¶ 6.) Darwin immediately relayed this information to the Plaintiffs. (Cplt. ¶ 19; Fortier Aff. ¶ 6.) Shortly thereafter, Darwin learned from BP America that it had found someone internally and did not need Mosystems. (Fortier Aff. ¶ 7.) Darwin immediately informed the Plaintiffs that BP America had cancelled the job and did not need Mosystems's services. (Fortier Aff. ¶ 7; see also Cplt. ¶ 20.) The job did not go forward, and Darwin received no revenues from BP America. (Fortier Aff. ¶ ¶ 8-9; see also Cplt. *passim*.)

## ARGUMENT

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Glassman v. Computervision Corp., 90 F.3d 617, 628 (1st Cir. 1996). Importantly, a complaint "must contain

'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery.'" Id. (citation omitted). To establish a claim for breach of contract, a plaintiff must prove the existence of a valid binding agreement, the defendant's breach thereof, and damages resulting from the breach. Coll v. PB Diagnostic systems, Inc., 50 F.3d 1115, 1122 (1st Cir. 1995). Taking the facts alleged in the Complaint in the light most favorable to the Plaintiffs, neither Plaintiff has stated a claim for breach of contract.

## I.    MOSYSTEMS FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT

Darwin assumes for the purposes of this motion only that the ICA and the Purchase Order are, as the Plaintiffs contend, an integrated agreement, and that the Contract is binding and enforceable. According to Mosystems, Darwin agreed to engage Mosystems from January 28, 2002 until August 2, 2002 to perform work for BP America as an Interface Developer, and Darwin breached the Contract when it gave notice of termination. (Cplt. ¶ ¶ 7-10, 21-25.) Mosystems claims it is entitled to damages in the amount of what it would have been paid from January 28 to August 2, 2002. (See id.)

### A.    Mosystems Cannot Show Darwin Breached the Contract Because the Contract Gave Darwin the Right To Terminate.

Mosystems's claim is doomed by the plain language in the Contract concerning termination. Section 2 of the Contract, entitled "Term of Agreement," describes the circumstances under which the Contract terminates. Section 2(b) of the ICA reads in its entirety:

> Prior to the commencement of any services, Darwin and Contractor will execute a Purchase Order on the form attached as Exhibit A to this Agreement which shall be considered part of this Agreement and binding upon both parties. Contractor's services under this Agreement will terminate at the end of the minimum time requirement covered by the Purchase Order and any renewals or extensions thereof ("end date"), **or upon notice if for any reason the client no longer desires the services of Contractor.** Darwin will immediately notify Contractor when notified by Client of any early termination, and extend to Contractor the notice period granted by Client to Darwin.

(emphasis supplied). Section 2(b) provides that the Contract will terminate **either** at the end of the minimum time set forth in the Purchase Order, here August 2, 2002, "**or**" upon notice by BP America. The Contract sets forth **two** avenues -- not one -- for termination of the Contract. Mosystems conveniently ignores the second avenue, presumably because it is fatal to his claim.

The second avenue in Section 2(b) -- termination by the client -- negates any claim that Darwin breached the Contract by terminating it prior to August 2, 2002. Darwin terminated the Contract as soon as it learned from BP America that the job was cancelled. Darwin did precisely what the Contract obligated it to do, and therefore it cannot be liable for breach. The Complaint fully supports this conclusion. Mosystems admits that Darwin notified it that BP America had cancelled the job order, and that Darwin cancelled the Contract thereafter. (See Cplt. ¶¶ 19, 21.) The Complaint contains no allegation, express or implied, that BP America did not cancel the job. (Cplt. *passim.*) To the extent the Court chooses to take notice of facts outside the pleadings, the Fortier Affidavit confirms that Darwin received notification of cancellation from BP America and immediately relayed that information to Mosystems and Moser. (Fortier Aff. ¶¶ 6-7.) A claim for breach will not lie based on the notion that the Contract was prematurely terminated.

**B.    Mosystems Cannot Demonstrate Damages.**

Section 2(b) also negates any claim for damages. Section 2(b) puts no restriction on Darwin's right to terminate the agreement, other than notice from BP America.. Because the Contract is subject to termination upon notice from BP America to Darwin that it no longer desires the services of Mosystems, and it may give notice at any time and for any reason, the Contract is essentially terminable at will. See RGJ Assoc., Inc., 300 F. Supp. 2d 250, 252 (2004) (Where parties do "not expressly agree . . . to prevent termination, Massachusetts law construes the contract as terminable at will."); Teitelbaum v. Hallmark Cards, Inc., 25 Mass. App. Ct. 555, 560, 520 N.E. 2d 1333, 1336 (1988) (Absent "express agreement preventing termination, the

arrangement that existed was terminable at the will"). Where an agreement is terminable at will, a plaintiff cannot recover damages for the contract term. See RGJ Assoc., 300 F. Supp. at 253-54 and cases cited. Cf. Kravetz v. Merchants Dist., Inc., 387 Mass. 457, 463, 440 N.E. 1278, 1282 (1982) (no right to recover wages under employment contract that is terminable at will). The plaintiff may only recover damages for lack of reasonable notice of termination, not for the termination itself.[3] RGJ Assoc., 300 F. Supp. at 254 ("because it is the failure to give reasonable notice of termination rather than the termination of the contract itself which constituted the breach, . . . the damages may not reflect loss of a contract or discontinuance of the business relationship") (internal citation omitted)   Mosystems has no entitlement to actual damages based on the termination of the Contract since it had no guarantee under the Contract that it would perform services through August 2, 2002.

This conclusion is further borne out by the Contract's payment terms. The Contract's payment terms reflect that the Contract is terminable at will and further highlights why the termination of the Contract will not support recovery of actual damages.  Section 6 expressly provides that "[p]ayment of services will be made . . . based upon remittance of funds to Darwin from [BP America] covered by that Purchase Order. . . . No other compensation in any form . . . will be provided by Darwin or anyone else."  (ICA sec. 6(a).)  In order to be entitled to *any* payment under the Contract, Mosystems had to perform services for BP America *and* Darwin had to be paid by BP America for those same services.  (Id.)  The Contract makes plain that it is a "you only get paid when we get paid" arrangement.   Thus, if Mosystems had begun work at BP America and then BP America had decided at some point prior to August 2, 2002 that it no longer wanted the services of Mosystems, the Contract would have terminated and Mosystems

---

[3] Notice is not at issue in this case.  The Complaint indicates that Darwin gave notice to Mosystems as soon as it had notice from BP America.

would not have been paid for any further work. Under the Contract, Mosystems is only entitled to be paid for work performed and revenue received for that work from BP America. Since Mosystems did not perform any services for BP America, and accordingly Darwin received no payment from BP America for such services, Mosystems has no *actual* damages.

## II.    MOSER FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT

Moser claims breach of the Contract and breach of the Employee Consent. (Cplt. ¶¶ 29, 30.) Neither claim has merit.

### A.    Moser Lacks Standing to Sue Darwin for Breach of the Contract.

Moser contends he is an intended beneficiary of the Contract, and therefore has standing to sue Darwin for breach of the Contract. (Cplt. ¶ 29.) He claims that under the ICA, the Purchase Order and the Employee Consent, Mosystems, Moser and Darwin agreed that he would be the individual providing services to BP America. (Cplt. ¶¶ 27, 29.) From this assumption, he concludes that he is an intended beneficiary of the Contract. This conclusion is not supported by the Contract or the law of intended beneficiaries.

Under Massachusetts law, an individual claiming to be an intended beneficiary of an agreement must establish that the parties to the agreement expressly intended to confer on that individual the status of third party beneficiary. See Spinner v. Nutt, 417 Mass. 549, 555, 631 N.E. 2d 542, 546 (1994); Rae v. Air Speed, Inc., 386 Mass. 187, 195, 435 N.E. 2d 628, 632 (1982); see also Restatement (Second) of Contracts § 302. The mere fact that an individual receives a benefit from an agreement is not enough to establish that the individual is an intended beneficiary. See Spinner, 417 Mass. at 549, 631 N.E. 2d at 546. Where an individual is only an incidental beneficiary of an agreement, that individual does not have standing to enforce the agreement. See id.

Moser is not an intended beneficiary of the Contract. On the contrary, the Contract expressly envisions that only Mosystems has a right to benefit from the Contract. The principal terms governing the relationship between the contracting parties, Darwin and Mosystems, are set forth in the ICA. The only parties to the ICA are Darwin and Mosystems. The ICA provides that Mosystems will hire its own employees to perform the services called for by the Contract. (ICA sec. 9, sec. 16(b).) Only Mosystems is entitled to payment for the performance of services, not Moser. (ICA sec. 6.) Moser is not mentioned anywhere in the ICA, nor would he be. One of the essential features of an independent contractor agreement is that it is an agreement to hire an entity -- a contractor corporation -- not a specific individual.

Moser fares no better under the Purchase Order. The only mention of Moser in the Purchase Order is under section 7.[4] This section merely requires Mosystems to warrant that the specific employees who will work on the job identified in the Purchase Order understand the obligations of engagement. Nothing in the Purchase Order limits Mosystems from adding or substituting personnel or requires Mosystems to guarantee that a specific named individual will perform the BP America job. Moreover, the Purchase Order is silent as to how much Moser himself will be paid. Moser is an employee of Mosystems. How much Moser would receive under Mosystems's Contract with Darwin and how long Mosystems would employ Moser on the BP America job were matters exclusively between Moser and *his* employer, Mosystems; such matters are not addressed by the Contract. In short, the Purchase Order does not promise any

---

[4] The following personnel of Contractor who will work on this project have been informed and understand their obligations under this Purchase Order and the Contractor Agreement:

Name: Daniel Moser

benefit to Moser. At best, Moser is an incidental beneficiary of the Contract.[5] See Spinner, 417 Mass. at 549, 631 N.E. 2d at 546.

### B.    Moser Cannot Demonstrate Breach of the Contract or the Employee Consent.

Even if Moser has standing, he cannot demonstrate breach of the Contract or the Employee Consent. As pled, Moser's claim for breach of the Contract is dependent on the viability of Mosystems's right to recover for breach. (Cplt. ¶¶ 29, 30.) Since Mosystems cannot demonstrate breach of the Contract, neither can Moser.

As for the Employee Consent, the Complaint contains only the conclusory allegation in paragraph 30 that Darwin "materially breached the terms of . . . the Employee Consent." The Complaint is silent as to which term of the Employee Consent Darwin breached. To the extent that Moser contends that the Employee Consent guaranteed him employment on the BP America job from January 28, 2002 until August 2, 2002, nothing in the Employee Consent refers to any term of the engagement, and, in any event, such a claim will not lie for the same reason Mosystems cannot demonstrate breach of the Contract.

### C.    Moser's Claim for Reliance Damages Is Defeated By Section 2(b).

As with Mosystems, Moser cannot demonstrate a right to recover damages. Moser claims that he is entitled to reliance damages because he quit his job at Options Software after Mosystems executed the Contract and Moser executed the Employee Consent and in reliance upon the expectation he would be employed on the BP America job from January 28, 2002 until August 2, 2002. (Cplt. ¶¶ 12, 13, 27, 30.) Moser's theory of damages is handicapped by section 2(b) of the Contract. It should be evident from the discussion of section 2(b) (*supra* at pp. 5-8) that any such reliance was foolhardy. The Contract, by its terms, could end at any time, and

---

[5]  The proper defendant is Mosystems, his employer, not Moser.

unless Mosystems had other work to give him, Moser would be out of a job.  If Moser relied on

the Contract or the Employee consent in choosing to forgo other employment, he did so with his

eyes closed.  Darwin cannot be liable for reliance damages in these circumstances.  See Lord &

Lady's Enterprises, Inc. v. John Paul Mitchell Systems, 46 Mass. App. Ct. 262, 270, 705 N.E. 2d

302, 307 (1999) (no right to recover reliance damages for or based on term of contract where

agreement is terminable at will).

## CONCLUSION

For all the foregoing reasons, Darwin has demonstrated that the Complaint fails to state

claim for breach of contract by either Mosystems or Moser.  Neither party can demonstrate

breach of any agreement or that it was damaged thereby.

DARWIN PARTNERS, INC.

By its attorneys,

David S. Rosenthal (BBO # 429260)
Ellen M. Majdloch (BBO #637218)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

April 26, 2004

i hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail/hand on__4-26-04__