UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOSYSTEMS, INC., and<br>DANIEL MOSER,<br>    Plaintiffs<br><br>V.<br><br>DARWIN PARTNERS, INC.,<br>    Defendant | CIVIL ACTION NO.<br>04-CV-10312-PBS |

### JOINT STATEMENT UNDER LOCAL RULE 16.1(D)

**A.  *Summary Of The Parties' Positions:***

*The Plaintiff's Position:*

This action involves claims for breach of contract and arises out of a contract, entered into between Mosystems, Inc. and Darwin Partners, Inc., on January 9, 2002. The contract consists of two integrated documents, an "Independent Contractor Agreement" (hereinafter "ICA") and a "Purchase Order", wherein Mosystems agreed to provide specialized computer services to BP America, a Darwin client, for the period from January 28, 2002 through August 2, 2002. As part of this contract, the parties agreed that Daniel Moser would be the individual who would provide the computer services to BP America. In this regard, as a condition of the contract, Daniel Moser was required to enter into an "Employee Consent" with Darwin Partners, wherein he warranted and represented that he was not precluded or restricted by employment from carrying out the duties called for in the contract. Upon the execution of the contract documents, and in reliance upon the same, Daniel Moser resigned from his position with another employer, so that he would be able to carry out his duties under the "Employee Consent".

After the contract had been executed by the parties, Darwin Partners repeatedly pushed back the start date of the contract, first to February 4, 2002, then to February 18, 2002, and

then generally. When the Plaintiffs requested to be compensated by Darwin Partners for the damages that they were incurring due to the repeated delay in the start of the contract, Darwin Partners refused to compensate the Plaintiffs, and claimed that the contract was terminable at will. While a representative of Darwin Partners advised the Plaintiffs on or about February 19, 2002, that BP America was canceling its contract with Darwin Partners, it is undisputed that the Plaintiffs were never notified by Darwin Partners in writing that Darwin Partners was canceling or terminating its contract with Mosystems. Likewise, on this date, a representative of Darwin Partners also informed the Plaintiffs that they were attempting to identify what work the Plaintiffs would perform on the project, and that Darwin Partners would let the Plaintiffs know if BP America changed its position.

The Plaintiffs contend that the contract was not terminable at will, since it was a contract for a fixed durational time, and, therefore, could only be terminated for cause, and only in compliance with the terms of the contract governing termination. Under the contract, any purported termination of the contract, to be effective, was required to be in writing and signed by the parties. No such writing exists, and, to the extent that Darwin Partners claims that its communication with the Plaintiffs on February 19, 2002, somehow constituted a cancellation of the contract, such a purported cancellation is ineffectual, and not in compliance with the requirements of the contract. Accordingly, Mosystems is entitled to recover its contract damages from Darwin Partners. In addition, the Plaintiffs also contend that Daniel Moser has standing to sue on the contract itself to recover his personal reliance damages, or, alternatively, has standing, as an intended beneficiary of the contract between Mosystems and Darwin Partners, to pursue his claims for such damages.

***The Defendant's Position:***

Darwin Partners, Inc. ("Darwin") and Mosystems entered into an independent contractor agreement (the "ICA") and corresponding purchase order (the "Purchase Order) (collectively the "Contract"[1]). Darwin Partners denies that its termination of the Contract effected a breach. Under the Contract, Mosystems was to perform services for one of Darwin's clients, BP America, for a six month period. The termination clause of the Contract expressly provides that the Contract will terminate **either** at the end of the client's job **or** at any time upon notice from the client that it no longer desires the services of the contractor, regardless of the reason. Before Mosystems performed any services, BP America notified Darwin that it was canceling the job and thus did not need Mosystems. Darwin then immediately gave notice to Mosystems that the job was cancelled and the ICA terminated. Darwin did what it was entitled to do under the express terms of the Contract -- terminate Mosystems when BP America terminated the job -- and therefore Mosystems cannot prove that Darwin breached the contract

Mosystems also cannot prove that it was damaged in any way. Mosystems claims that it is entitled to the revenue it would have received during the six month term of the Contract. To recover the six months of revenue Mosystems claims it is entitled to, Mosystems must prove that it would have received the six months of revenue but for Darwin's alleged breach. Mosystems cannot meet its burden of proof. BP America could have terminated Mosystems services at any time and for any reason during the six months; in which case, the Contract would have ended and Mosystems would have not have been paid. Thus, Mosystems **never had** a guaranteed right to six months of revenues. The payment terms of the Contract also underscore why Mosystems cannot prove damages. Under the Contract, Mosystems's right to payment was contingent on Darwin's being paid by BP America. Since Mosystems performed no services for BP America,

Darwin never received any revenue from BP America for the job, and Mosystems has no right to payment.

Moser also claims breach of contract. He asserts that he is the intended beneficiary of Mosystems's Contract with Darwin. The Contract, however, flatly contradicts his assertion. Moser therefore has no standing to assert a breach of contract claim against Darwin. Even if he could prove he has standing to sue under the Contract, his allegation of breach fails for the same reasons as Mosystems's. Moser also cannot prove damages. Moser claims he resigned his job in reliance upon the Contract's alleged promise of an engagement for six months and is therefore entitled to reliance damages. Since Mosystems did not have a guaranteed right to payment for six months, neither did Moser. Given the termination provision of the Contract, Moser's reliance was not reasonable. For all these reasons, Moser's claim fails as well.

### B. *The Parties' Joint Discovery Plan.*

A joint discovery plan in the form of a Proposed Scheduling Order complying with Local Rule 16.1(D)(1) is attached hereto. The parties aver that:

(a) this proposal conforms with Fed.R.Civ.P. 26(b);

(b) the desirability of phased discovery has been considered and the parties do not consent thereto;

(c) the Proposed Scheduling Order required by Local Rule 16.1(D)(1) contains a proposed schedule for the filing of motions;

(d) certifications complying with Local Rule 16.1(D)(3) will be filed forthwith by all parties.

---

[1] The defined term "Contract" is employed solely for ease of description and for the purposes of this Rule 16.1(D) Statement only.

5

| MOSYSTEMS, INC.<br>DANIEL MOSER | DARWIN PARTNERS, INC. |
|---|---|
| By their attorney: | By its attorneys: |
| /s/ John T. Landry<br>John T. Landry, III (BBO No. 544388)<br>Glynn, Landry, Harrington & Rice, LLP<br>10 Forbes Road<br>Braintree, MA 02184-2605<br>(781) 356-1399 | /s/ Ellen M. Majdloch<br>Ellen M. Majdloch (BBO No. 637218)<br>David S. Rosenthal (BBO No. 429260)<br>Nixon Peabody LLP<br>100 Summer Street<br>Boston, MA 02110<br>(617) 345-1000 |