**D Darwin**
PARTNERS

# Independent Contractor Agreement

COPYRIGHT 1988 NACCB, 1995 NACCB. THE TERMS OF THIS AGREEMENT ARE BASED UPON AN AGREEMENT PREPARED BY THE NATIONAL ASSOCIATION OF COMPUTER CONSULTANT BUSINESSES AND ARE SUBJECT TO THE COPYRIGHT OF THAT ASSOCIATION. ANY USE OF ANY LANGUAGE IN THIS AGREEMENT BY ANYONE WHO IS NOT A MEMBER IN GOOD STANDING OF THAT ASSOCIATION IS PROHIBITED AND WILL SUBJECT THE USER TO DAMAGES AS WELL AS OTHER CIVIL PENALTIES.

An Agreement made this *9th* day of *January 2002*, between Darwin Partners, Inc. ("Darwin") and *Mosystems Inc.*, at *68 Worsley Road, Stoney Creek, Ontario, Canada L8E2G3*, ("Contractor"), wherein the parties agree as follows:

1.  **SCOPE**

    The terms of this Agreement apply in a situation where Contractor agrees to provide programming, systems analysis, engineering, technical writing or other specialized services as an independent contractor directly to the third-party user Client ("Client") who has requested Darwin to locate temporary staffing for the Client's project according to the training, skills, abilities and experience required by the Client. Darwin agrees to examine Contractor's background for providing services to Client, to refer Contractor to the Client for further evaluation and possible retention of Contractor's services, to negotiate a rate for those services in accordance with Contractor's directions, and to otherwise perform as stated herein.

2.  **TERM OF AGREEMENT**

    a.  Nothing in this Agreement obligates Contractor to accept any offer to provide services. However, all terms and conditions of the Agreement shall remain in force during any and all periods for which Contractor's services are provided to the Client and for any other periods before and/or thereafter as stated herein.

    b.  Prior to the commencement of any services, Darwin and Contractor will execute a Purchase Order on the form attached as Exhibit A to this Agreement which shall be considered part of this Agreement and binding upon both parties. Contractor's services under this Agreement will terminate at the end of the minimum time requirement covered by the Purchase Order and any renewals or extensions thereof ("end date"), or upon notice if for any reason the client no longer desires the services of Contractor. Darwin will immediately notify Contractor when notified by Client of any early termination, and extend to Contractor the notice period granted by Client to Darwin.

    c.  Contractor may not voluntarily terminate its services under this Agreement before the end date unless, as stated in writing by the Client, the project has been completed or the services are no longer required. In the event that Contractor voluntarily terminates its services before the end date in violation of this Agreement, in addition to other damages and relief afforded to Darwin under Paragraphs 9 and 15, Contractor shall be liable for liquidated damages in an amount equal to the commission retained by Darwin for Contractor's services. This fee will be paid for each non-holiday weekday between the date of termination and the end date to compensate Darwin for its lost commission.

3.  **ASSIGNMENT OF CONTRACT**

    Contractor is to provide services through its personnel named in paragraph 7 of the Purchase Order, for whom it is responsible, and may not assign its rights under this Agreement or any Purchase Order. In case of assignment or subcontract, Contractor shall compensate Darwin for any lost or reduced fees received by Darwin as a result thereof.

4.  **FEES FOR USE OF DARWIN CLIENTS AND CONTRACTORS**

    Contractor agrees that during the term of this Agreement and any renewals and for a period of six (6) months thereafter, neither Contractor nor its employees shall: a) directly or indirectly provide services in any capacity for any Client or End Client to whom Contractor has been introduced through Darwin, or b) retain or attempt to retain, directly or indirectly, for itself or for another party, the services of another one of Darwin's Contractors or employees to which Contractor has been introduced or has received information about through Darwin or through any Client for which Contractor has performed services or to which Contractor was introduced under this Agreement. This provision may be waived on a case-by-case basis in consideration of a Finder's Fee, and must be in writing and signed by an executive officer of Darwin prior to Contractor taking the action for which waiver is sought. The parties agree that the Finder's Fee shall be equal to thirty percent (30%) of the gross total future contract value with the subject Client, for the engagement as Contractor, employee, or otherwise, including extensions. Payment of said fee will be made to Darwin upon demand.



5. **REPRESENTATIONS**

Contractor acknowledges for itself and its personnel that information provided by it (including, but not limited to, resumes, interviews and references), in consideration for providing services to or on behalf of the Client is true to the best of Contractor's knowledge and that it is not restricted by any employment or other Contractor agreement from providing services in any attached Purchase Order. Contractor acknowledges and understands that any misstatements of the qualifications or availability of its personnel may be grounds for immediate termination by a Client of any assignment, and constitutes a breach of this Agreement.

6. **PAYMENT OF SERVICES**

   a. Payment for services will be made in the corporate or business name of Contractor on the periodic basis set forth in the Purchase Order that is based upon remittance of funds to Darwin from the Client covered by that Purchase Order. Payment to Contractor will be in accordance with the terms in the Purchase Order and up to the amount authorized in that Purchase Order for the Client project. No other compensation in any form, including benefits, will be provided by Darwin or anyone else. For billing and payment purposes, Contractor shall maintain records of the hours that services have been performed, have a Client representative verify those hours by signing the records, and submit to Darwin those records for the amount due to Contractor for the hours worked and verified. Contractor will also invoice Darwin only for the hours covered by such records.

   b. Payment to Contractor per its invoice shall be made in accordance with the following: Darwin will bill the Client based upon the hours contained in Contractor's invoice at the rate agreed upon between Darwin and the Client. The difference between the amount paid to Darwin by the Client and the amount due to Contractor per its invoice shall be retained by Darwin as a commission from the Client to Darwin for locating Contractor, arranging for interviews between Contractor and the Client, and performing associated administrative functions. Contractor is entitled to compensation per its invoice only upon Darwin's receipt of funds from the Client for that invoice, and with no Darwin liability otherwise, because Contractor agrees that the Client controls the payment of consulting fees to Contractor. Timesheets and invoices that are submitted more than 30 days after being incurred, or submitted without the appropriate approval of Client or Darwin, will not be reimbursed to Contractor. At the request of and as a convenience to Contractor Darwin will deliver funds to Contractor within seven (7) days of receipt, by the payroll department, of a duly authorized timesheet and invoice from Contractor, prior to receiving funds from the Client. If in the event of Client dissatisfaction with services Darwin does not receive funds from the Client that cover all hours set forth in Contractor's invoice to Darwin for which such delivery of funds was made, then Contractor must pay Darwin an amount equal to any funds delivered by Darwin to Contractor based upon hours set forth in that invoice for which the Client has not made payments to Darwin. Such repayments shall be due immediately upon written demand mailed to Contractor.

7. **TRAVEL, LIVING AND OTHER COSTS**

No travel, living, entertainment or other costs of Contractors will be paid by Darwin. Whether the Client for whom Contractor is performing services will pay any such costs is a matter between Contractor and the Client and should be included in Contractor's invoice only if authorized by the Client in accordance with industry practice to reimburse Contractor for such costs. Employee (Consultant) will submit invoices for client authorized expenses on a weekly basis. Expenses will be accompanied by receipts, and documented and submitted in the manner requested by Client or Darwin. Expense invoices that are submitted more than 30 days after being incurred, or submitted without the appropriate approval of Client or Darwin, will not be reimbursed to Contractor. Darwin will provide no training, tools, equipment or other materials to Contractor. Contractor's invoiced hours will include no time spent in formal training and Contractor represents that it is not being provided such formal training by Darwin, the Client or anyone on behalf of Darwin or Client.

8. **CONFIDENTIALITY**

   a. In the course of Contractor's performance hereunder, Contractor may receive or be exposed to confidential and proprietary information relating to business practices, strategies, and technologies of Darwin and/or the Client (collectively referred to as "Information"). Such Information may or may not contain legends or other written notice that it is of a confidential and proprietary nature.

   b. Contractor acknowledges the confidential and secret character of the Information, and agrees that the Information is the sole, exclusive and extremely valuable property of Darwin or Client. Accordingly, Contractor agrees not to reproduce the Information without prior written consent of its owner, not to use it except in the performance of this Agreement, and not to divulge the Information to any third party during or after the term of this Agreement. Upon termination of this Agreement, Contractor agrees to return to Darwin or Client all such Information whether in Contractor's possession or under Contractor's direct or indirect control.

**Darwin PARTNERS**

c. Contractor shall not disclose or otherwise make available to Darwin any confidential information received from third parties.

d. Client may require Contractor to sign additional Non-Disclosure and/or Trade Secret agreements or covenants, which Contractor agrees to do promptly upon request.

e. Contractor understands and agrees that the provisions and requirements herein apply to and are binding on Contractor and its agents, servants and employees.

9. **CONDUCT, INDEPENDENT STATUS, AND BENEFITS**

    a. Contractor shall provide competent, professional services in the required disciplines, using its own appropriate independent skill and judgment, and the manner and means that appear best suitable to it to perform the work, and Darwin shall have no right to and shall not interfere. Evaluation of Contractor's performance, if any, shall be made by the Client. Darwin shall have no right or responsibility hereunder to and shall not review such performances, require progress reports, set the order or sequence for performing of services, or set Contractor's hours or location of work except that Contractor shall not perform services on Darwin's premises. Contractor is:

    A valid corporation existing under laws of the State of **Ontario**
    doing business with the corporate name or business name **Mosystems Inc.**
    and certifies its federal employer identification number (EIN) is **1290814**

    Contractor warrants that it maintains a set of books and records which reflect items of income and expenses of its trade or business.

    The parties to this Agreement agree that the relationship created by this Agreement is that of broker-independent contractor. Contractor agrees and has advised its personnel that Contractor and its personnel are not employee(s) of Darwin or the Client and are not entitled to (and also hereby waive) any benefits provided or rights guaranteed by Darwin or the Client, or by operation of law, to their respective employees, including but not limited to group insurance, liability insurance, disability insurance, paid vacations, sick leave or other leave, retirement plans, health plans, premium "overtime" pay, and the like. It is understood and agreed that since the Contractor is an independent contractor, Darwin will make no deductions from fees paid to Contractor for any federal or state taxes or FICA, and Darwin and the Client have no obligation to provide Worker's Compensation coverage for Contractor or to make any premium "overtime" payments at any rate other than the normal rate agreed to in the Purchase Order. It shall be the Contractor's responsibility to provide Worker's Compensation and, if applicable, pay any premium "overtime" rate, for its employees who work on the project covered by this Agreement and to make required FICA, FUTA, income tax withholding or other payments related to such employees, (and to provide Darwin with suitable evidence of the same whenever requested). In the event of any claims brought or threatened by any party against Darwin or the Client relating to the status, acts or omissions of Contractor or its personnel, Contractor agrees to cooperate in all reasonable aspects, including to support the assertions of employment status made in this Agreement.

10. **SERVICES TO OTHERS**

    Contractor may provide services for others and through other brokers.

11. **LIABILITY**

    Because of the independent status of Contractor, it is solely and completely accountable for the services it provides to the Client, and neither the Client nor its customers and Clients, nor Darwin, shall have any liability whatsoever to any party for such services provided by Contractor or its personnel. Darwin will not indemnify Contractor for any liability incurred by Contractor, its agents and employees. Contractor understands that Darwin will act in good faith to describe the task requirements set forth by the Client, but that because Contractor has the opportunity to discuss directly with the Client these task requirements prior to acceptance of the project offered by the Client, and because Darwin has no right to control any aspect of the project on which Contractor will be working, Contractor hereby releases Darwin from any liability relating to representations about the task requirements or to the conditions under which Contractor will be working. Contractor also agrees to release Darwin from any liability for statements made by Darwin, without malice, to third parties who inquire about Contractor's performance.

12. **OWNERSHIP OF INTELLECTUAL PROPERTY, ETC.**

    a. All computer software programs, any inventions and ideas, tangible or intangible, arising out of the performance of this Agreement, whether developed by Contractor's employees or otherwise, (the "Work Product") shall belong to Darwin or Client. As to copyrights, Contractor agrees that all deliverables shall be deemed specially commissioned and a "work made for hire" and that Darwin shall be deemed the author thereof for copyright purposes; provided, however, that if any


Darwin PARTNERS

deliverable is at any time determined to not be a work made for hire, this Agreement shall be deemed an irrevocable assignment of the copyright to the entire Work Product. Contractor shall at the request of Darwin execute and require of employees and or subcontractors all documents as are required to vest such ownership in Darwin free of claim. Contractor irrevocably appoints Darwin as Contractor's attorney-in-fact to execute all such documents as are required by this paragraph. Contractor shall treat all Work Product as confidential Information, and shall impose the requirements of this Paragraph on any permitted subcontractor. Darwin may assign its rights hereunder to the Darwin Client. Contractor affirms that the fee it has negotiated for the services performed under this Agreement includes payment for assigning such rights to the Client.

    b.    Contractor shall not use or incorporate any works or materials of third parties in the preparation of any of its work product under this Agreement, unless identified in writing to Darwin. If such works incorporate any third-party materials, Contractor must have sufficient authority to grant rights and licenses as required herein, or the third-party owner must have granted in documentation Darwin rights and licenses for such materials. All rights and licenses granted to Darwin hereunder shall be free and clear of any claim by any person or entity. Contractor shall defend and indemnify Darwin and its Clients for any liability that may result by reason of any infringement, or claim of infringement, of any United States intellectual properties based on the Contractor's breach of the preceding sentences or on the use or installation of any materials, equipment, programs or services furnished to Clients hereunder.

13.    **INSURANCE**

Contractor will obtain for itself and its personnel before providing services, at its own expense, comprehensive General Liability (GL) insurance coverage for projects covered by this Agreement, for limits of liability in the amount of $1,000,000, Automobile Liability insurance in the name of the corporation, including owned, non-owned and hired coverages for bodily injury and property damage in a combined single limit of $1,000,000 and (if available under state law) worker's compensation coverage with limits of not less than $1,000,000 and will name Darwin as an Additional Insured and provide a copy of the binder, the policy or the certificate of insurance to Darwin upon request.

14.    **INDEMNIFICATION**

Contractor shall indemnify and hold harmless Darwin and Client, and their officers, directors, agents, owners, and employees, for any claims brought or liabilities imposed against Darwin or Client by Contractor's employees or by any other party (including private parties, governmental bodies and courts), including claims related to worker's compensation, wage and hour laws, employment taxes, and benefits, and whether relating to Contractor's status as an independent contractor, the status of its personnel, or any other matters involving the acts or omissions of Contractor and its personnel. Indemnification shall be for any and all loss, including costs and attorneys' fees.

15.    **BREACH**

Any breach of any provision of this Agreement by Contractor or its personnel entitles Darwin to recover from Contractor damages and injunctive relief. Contractor agrees that monetary damages may be inadequate in the event of its breach or threatened breach of its obligations herein, especially with regards to the confidentiality and non-compete provisions. Contractor realizes that in addition to monetary damages, Darwin shall be entitled to injunctive relief with respect to any such breach. Contractor shall be liable to Darwin for all costs, expenses and damages incurred by Darwin on account of Contractor's breach.

16.    **MISCELLANEOUS**

    a.    This Agreement and any attached Purchase Order(s) and Exhibit(s), including those relating to separate requirements imposed by the Client, represent the entire agreement and understanding of the parties and any modifications thereof shall not be effective unless contained in writing signed by both parties. No other document, including any agreement between Darwin and the Client, shall be deemed to modify any terms of this Agreement unless expressly stated in writing to do so and signed by both Darwin and Contractor.

    b.    Contractor agrees that all of its personnel working on Client projects covered by this Agreement shall sign an "Employee Consent" form in the form of Exhibit X, agreeing to the terms of paragraphs 4, 8, 9 and 12 of this Agreement. The Employee Consent form will be delivered to Darwin before each such personnel begin work under any Purchase Order.

    c.    Any obligations imposed on Darwin by Client which pertain to the performance of services by Contractor shall be communicated to and binding on Contractor.

    d.    All provisions regarding payments, indemnification, warranty, liability and limits thereon, and protection of proprietary rights shall survive indefinitely or until the expiration of any time period specified elsewhere in this Agreement with respect to the provision in question.



e.  This Agreement shall, as to each Purchase Order, be deemed a separate and independent agreement, except as to the allowing of new Purchase Orders, which may be issued from time to time, and the non-competition provision. Each provision of the Agreement shall be considered severable: if any one provision conflicts with the existing or future applicable law it shall not affect any other provision which can stand without the removed clause. To the extent that there may be any conflict between the terms of this Agreement and of the Purchase Order, this Agreement shall take precedence.

f.  Contractor represents that Contractor has read and understands the terms of this Agreement, has had an opportunity to ask any questions and to review this Agreement with legal counsel of its choice, and is not relying upon advice from Darwin in this regard.

g.  This Agreement shall be governed by the laws of the Commonwealth of Massachusetts, except for its choice of law principles, regardless of where Contractor's work is performed, and any litigation shall be brought in the state or federal courts of the State of Massachusetts. Contractor agrees to the exercise of personal jurisdiction over it by such courts to the full extent permitted by law.

IN WITNESS WHEREOF, the parties have set their hands and seals on the day and year first above written.

| DARWIN PARTNERS, INC. | | Company Name: | Mosystems Inc. |
|---|---|---|---|
| DARWIN: | *[signature]* Christopher Holland | Contractor: | Dan Mosek |
| Title: | Corporate Counsel | Position/Title | ~~Senior Vice~~ President |
| | | Federal ID Number | 124064 |